IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

LORRAINE BATES, CHARLES EHRMAN
BATES, EILEEN BURK, DOLORES
MARIER, as Personal Representative for the
Estate of THOMAS MARIER, and
GEORGE ALEXANDER,

                 Plaintiffs,

        v.

BANKERS LIFE AND CASUALTY
COMPANY, an Illinois Insurance Company;
and CNO FINANCIAL GROUP, INC., a
Delaware corporation,

              Defendants.

Case No. 3:13-cv-580-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

This case was brought by plaintiffs against Bankers Life and Casualty Company ("Bankers Life") and its ultimate parent company Conseco Financial Group, Inc. ("CNOFG") for allegedly mishandling their long-term care insurance claims.    Plaintiffs filed their class action complaint on April 4, 2013.  Plaintiffs filed their First Amended Class Action Complaint on May 31, 2013.  Plaintiffs filed their Second Amended Class Action Complaint ("SAC") on October 23, 2013.  Defendant CNOFG moved to dismiss for failure to state a claim and for lack of personal jurisdiction.  Defendants CNOFG and Bankers Life jointly moved (1) pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the SAC and (2) pursuant to Fed. R. Civ. P. 23(d)(1)(D) and (E) to strike plaintiffs' class action allegations.

The Court (a) dismissed with prejudice plaintiffs' claims for elder abuse under Or. Rev. Stat. 124.100; (b) dismissed with prejudice plaintiffs' claims for intentional misconduct; (c) dismissed with prejudice for lack of standing of all claims brought by David and Darla Castagno; (d) dismissed with prejudice for lack of standing all claims brought by plaintiffs Charles Ehrman

Bates and Dolores Marier to the extent they are premised on those plaintiffs' concerns regarding possible future breach, and the claims of plaintiffs Charles Ehrman Bates, David Youngbluth, and Dolores Marier to the extent those plaintiffs brought claims on their own behalf rather than on behalf of their family members who sought benefits under their Bankers policies; (e) dismissed with prejudice plaintiffs' fraud claims to the extent they were premised on a theory of fraudulent inducement to continue paying policy premiums under pre-existing insurance contracts; (f) dismissed without prejudice plaintiffs' fraud claims to the extent they were premised on the inducement to enter into the insurance policies; (g) granted CNOFG's motion to dismiss for lack of personal jurisdiction as to plaintiffs' fraud in the inducement claim to the extent alleged against CNOFG; (h) struck the class action allegations under Rule 23(d)(1)(D) and (E); and (h) otherwise denied defendants' motions. *Bates v. Bankers Life and Casualty Co.,* No. 3:13-CV-580-PK, 2014 WL 292508 (Jan. 27, 2014). The Court also denied plaintiffs' request to take discovery of defendants prior to ruling on the motion to strike the class allegations, pursuant to the Court's authority under Fed. R. Civ. P. 23(d)(1)(A) and (E), as well as the Court's authority to control discovery under Rules 16 and 26, and its inherent powers. *Id.* at *3.

Plaintiffs' Third Amended Complaint alleges a single claim for breach of contract for each of the individual plaintiffs, plus attorneys' fees. Before the Court is plaintiffs' Motion for Order Directing Entry of Final Judgment under Fed. R. Civ. P. 54(b) as to certain claims dismissed or stricken by this Court, and Motion to Stay. Defendants do not object to the motion.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action

> as to any of the claims or parties and may be revised at any time
> before the entry of a judgment adjudicating all the claims and all
> the parties' rights and liabilities.

The district court has broad discretion to determine whether to enter final judgment under Rule 54(b). *Curtiss-Wright Corp. v. Gen. Elec. Co.,* 448 U.S. 1, 8 (1980). In making that decision, the court must first find that the judgment at issue is "final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* at 7 (internal citations and quotation marks omitted). If the judgment is final, the court must then determine whether there is any just reason for delay. *Id.* at 8.    This second step requires the court to consider both the interests in sound judicial administration and the equities involved. *Id.* Because Rule 54(b) was intended to preserve the longstanding federal policy against piecemeal appeals, the court should take into account such factors as whether the claims under review are severable from the claims not yet adjudicated, and whether the nature of the claims already determined are such that no appellate court will have to decide the same issues more than once even if there are subsequent appeals. *Id.*

Entry of final judgment under Rule 54(b) is proper if it will aid the "expeditious decision" of the case. *Texaco, Inc. v. Ponsoldt,* 939 F.2d 794, 797 (9th Cir. 1991). The issuance of a Rule 54(b) order is a "fairly routine act that is reversed only in the rarest of instances." *James v. Price Stern Sloan, Inc.,* 283 F.3d 1064, 1067 n. 6 (9th Cir. 2002). "It is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright*, 446 U.S. at 8 (internal quotations and citations omitted).

In determining whether there is no just reason to delay appeal, the court must also address the equities involved. *Id.* Because the number of circumstances warranting entry of judgment is large, the district court is vested with broad discretion to assess equitable considerations. *Id.* at 10-11.

## DISCUSSION

Plaintiffs seek entry of final judgment only of (1) dismissal with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), of their First Claim For Relief in the SAC alleging claims under Oregon's elder abuse statute, ORS § 124 et seq.and (2), striking, pursuant to Fed. R. Civ. P. 23(d)(1)(D) and (E), plaintiffs' class action allegations. Because the Court dismissed the First Claim for Relief with prejudice and struck the class action allegations on the basis that no class could be certified, they constitute an "ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright,* 448 U.S. at 8. These dismissals are therefore "final" under Rule 54(b).

Plaintiffs argue that there is no just reason to delay entry of judgment because the narrow issues they plan to appeal are separable from the breach of contract claims remaining in the case and set forth in the Third Amended Complaint, which only asserts contract claims. Specifically, plaintiffs assert that the appellate issue on the elder abuse claim is whether the Court erroneously interpreted the statutory language of ORS 124.110 as precluding actions against insurers premised on the mishandling of long-term care claims for benefits. The Court finds that, because the First Claim for Relief was dismissed with prejudice, the issue is ripe for appeal .

Plaintiffs also contend that the Court erred in striking the class allegations pursuant to Fed. R. Civ. P. 23(d)(D) and (E) on the sole grounds that the Court, pursuant to Fed. R. Civ. P. 23(d)(1)(A) and (E), and its authority to control discovery in the case, denied plaintiffs' request to engage in discovery prior to ruling on Bankers Life's motion to strike the class allegations, which was made on the basis that no class could be certified in light of the allegations set forth in the SAC. The appeal of this narrow question framed by plaintiffs – the ability of the court in its discretion to rule on a motion to strike class allegations prior to discovery – will not have any significant bearing on the facts or determination of plaintiffs' breach of contract claims, which are all the only claims asserted in the Third Amended Complaint. Therefore, entry of judgment poses little risk of piecemeal litigation.

The Court also finds that the equities in the case favor entry of final judgment. This case is at an early stage in the proceedings. Formal discovery has not yet begun on the breach of contract claims, and the parties will not be ready for trial until March, 2015 at the earliest. Appellate resolution will save the parties the time and resources of engaging in discovery on the breach of contract claims in the interim, and then having to begin another round of discovery on the other claims if the Court's rulings are reversed.

Finally, neither party will be prejudiced by the entry of final judgment and a stay of the proceedings pending the outcome of appeal. Defendants do not oppose plaintiffs' motion because they too believe that judicial economy will be promoted by permitting immediate appeal from the specified dispositions. Entering final judgment and staying the case will also spare the Parties the potential burden of separate trials of their claims, should the Ninth Circuit reverse this Court.

The Court concludes that the interests of sound administration of justice are best served if the Court enters final judgment under Rule 54(b) and stays the case until plaintiffs' appeal is finally decided.

## CONCLUSION

For the reasons set forth above, the Court grants plaintiffs' Unopposed Motion (#95) for Order Directing Entry of Final Judgment under Fed. R. Civ. P. 54(b) and Motion to Stay.

Dated this 30th day of April, 2014.

Honorable Paul Papak
United States Magistrate Judge